**UNITED STATES of America,**
**Appellee,**

v.

**Erica PROVOSTY Defendant–**
**Appellant.**

**Docket No. 02–1550.**

United States Court of Appeals,
Second Circuit.

Feb. 24, 2003.

David A. Lewis Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, New York, for Appellant.

Rosemary Nidiry Assistant United States Attorney, New York, New York, for Appellee.

Present: LEVAL, F.I. PARKER, Circuit Judges, and KAPLAN,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of

Defendant-appellant Erica Provosty appeals from her sentence entered on September 13, 2002 in the United States District Court for the Southern District of New York following her guilty plea to one count of conspiring to make false statements to the Social Security Administration, and four counts of making false statements to the Social Security Administration through the submission of fraudulent applications for Social Security cards. She was sentenced to concurrent terms of six months' imprisonment, three years' supervised release, and a $500 special assessment.

Appellant argues that the District Court erred by denying her request for a downward adjustment under U.S.S.G. § 3B1.2(b) as a "minor participant" in the crime. Appellant did not know the full scope of the criminal scheme in which she was involved. However, she was not charged with a crime involving the entire scheme, but rather was only charged with making false statements and conspiring to make false statements. In regards to those crimes, she played a primary role. She personally went to the Social Security office, filled out applications with information she knew to be false, and handed in documentation that she knew to be false. She engaged in this behavior on four separate occasions, and was paid for each. Therefore, the district court acted reasonably within the scope of its discretion in denying a minor participant adjustment. *See United States v. Lewis,* 93 F.3d 1075, 1085 (2d Cir.1996) (rejecting a defendant's request for a minor participant adjustment because his base offense level was calculated on the basis of his limited role in a conspiracy, and not on the entire conspiracy).

New York, sitting by designation.

Appellant argues that this court should nevertheless remand because it is unclear from the record whether the District Court applied the correct legal principles when it denied her request. While there was some confusion during the sentencing hearing about the difference between a "downward departure" and a "downward adjustment", the District Court appeared to fully understand the factual predicate that had to be met to grant a minor participant adjustment and determined that it was not satisfied.

For the foregoing reasons, the judgment of the district court is AFFIRMED.